UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:21-cv-22492-KMW

**NORWEGIAN CRUISE LINE HOLDINGS LTD.**, a Bermuda Company; **NCL (BAHAMAS) LTD.**, d/b/a NORWEGIAN CRUISE LINE, a Bermuda Company; **SEVEN SEAS CRUISES**, a Panama Limited Liability Company; **OCEANIA CRUISES S. DE R.L.**, d/b/a OCEANIA CRUISES, a Panama Limited Liability Company;

 Plaintiffs,

v.

**SCOTT A. RIVKEES, M.D.**, State Surgeon General and Head of the Florida Department of Health, in his official capacity;

 Defendant.

_____/

**DEFENDANT'S EXPEDITED MOTION FOR EXTENSION OF TIME**

 Defendant Scott A. Rivkees, M.D., in his official capacity as Surgeon General of the State of Florida (hereinafter, the "State"), through undersigned counsel, moves the Court pursuant to Rule 6(b)(1)(A), Federal Rules of Civil Procedure, and Local Rule 7.1 to extend the deadlines set forth in the Order issued on July 15, 2021 (ECF

1

No. 012; the "Order"), which imposed an expedited schedule to resolve Plaintiffs' Expedited Motion for a Preliminary Injunction and Incorporated Memorandum of Law (Dkt. No. 3; the "Motion"). The extreme urgency on Plaintiffs' Motion is unwarranted in light of Plaintiffs' delay in bringing this action and for other reasons that support good cause. Fed. R. Civ. P. 6(b).

As Plaintiffs' Motion acknowledges, Florida has prohibited companies operating within the State from demanding proof of vaccination from customers since April 2, 2021, when Governor DeSantis issued Executive Order 21-81. (Mot. at 5.) The Governor adamantly opposed creating "two classes of citizens based on vaccination" status and personal health decisions. *See* Executive Order 21-81, attached as **EXHIBIT A**.

The Florida Legislature agreed with the Governor's policy and enacted Senate Bill 2006 to codify the prohibition in a new Section 381.00316, Florida Statutes, which reads in pertinent part, "A business entity, as defined in s. 768.38 to include any business operating in this state, may not require patrons or customers to provide any documentation certifying COVID-19 vaccination or post-infection recovery to gain access to, entry upon, or service from the business operations in this state." § 18, Ch. 2021-8, Laws of Fla. The Governor signed the bill on May 3, 2021. (Mot. at 5.) It took effect as law on July 1, 2021.

Meanwhile, Defendant cooperated with Plaintiffs to help them resume sailing from Florida as soon as possible. On May 28, 2021, Plaintiff Norwegian Cruise Line Holdings Ltd. (NCLH) sent to Defendant an executed Memorandum of Agreement (MOA) pursuant to the Center for Disease Control's (CDC) Conditional Sailing Order. *See* **EXHIBIT B**. According to the MOA, NCLH requested Defendant's approval to resume sailing under the Conditional Sailing Order. *Id.* Section 9 of the MOA even affirmed NCLH's commitment to comply with applicable state laws in general, and with "any laws, regulations, codes, ordinances, rules, and public health guidelines pertaining to SARS-CoV-2/COVID-19" in particular. *Id.*

In response, Defendant sent NCLH a letter on June 1, 2021, expressing the State's position that the Conditional Sailing Order is likely unlawful as exceeding the CDC's statutory authority, "especially considering it requires, absent congressional direction, a state health agency to contract with private entities." *See* **EXHIBIT C**. Defendant even referred NCLH to the State's ongoing litigation in the United States District Court for the Middle District of Florida over the Conditional Sailing Order. *Id.* Nevertheless, Defendant's letter affirmed that NCLH may resume operations in Florida regardless of the legality of the CDC's Conditional Sailing Order. *Id.* Defendant wrote, "[T]he Department's permission is not required for your company to resume operations." *Id.*

Despite NCLH's attestation of compliance with state law in the MOA, NCLH was making public statements as early as May acknowledging the conflict between Section 381.00316 and NCLH's plan to require 100% of its customers be vaccinated.[1] Despite this longstanding awareness of Florida law, Plaintiffs opted to stay the course and collide with Florida law while other cruise lines opted to follow the law. On this basis alone, expedited proceedings are not warranted.

Making matters worse for Plaintiffs' case for urgent relief, on May 12, 2021, the CDC disclaimed any intent for the Conditional Sailing Order to preempt Florida's new law. *See* **EXHIBIT D** at 107:7-110:14. Thus Plaintiffs' lawsuit two months later to preempt Florida's new law based on the Conditional Sailing Order is not only dilatory, it is contrary to the CDC's own position about its own Order.

Then, on June 18, 2021, the United States District Court for the Middle District of Florida enjoined the Conditional Sailing Order. *State of Florida v. Becerra*, No. 8:21-CV-839-SDM-AAS, 2021 WL 2514138 (M.D. Fla. June 18, 2021). As a result, Plaintiffs' last-minute lawsuit to preempt Florida's new law based on the Conditional Sailing Order is even less viable and therefore even less urgent.

---

[1] *See, e.g.*, Hannah Sampson, *Norwegian Threatens to Pull Cruise Ships from Florida Over Desantis Vaccine Passport Ban*, May 7, 2021 (available at https://www.washingtonpost.com/travel/2021/05/07/norwegian-cruise-florida-desantis-vaccine/); Richard Tribou, *Norwegian Cruise Line to Start Florida Sailings in August with Vaccine Requirement For Now*, Orlando Sentinel, June 7, 2021 (available at https://www.orlandosentinel.com/travel/florida-cruise-guide/os-bz-norwegian-cruise-line-return-to-sailing-florida-vaccines-20210607-he7kaqp4kfctrg45a25gpdcklu-story.html)

4

Despite all these events stretching from April through the new law's effective date on July 1, Plaintiffs deliberately waited until July 13 to initiate any action to challenge the applicability of the law to their operations. Given these facts, the rushed nature of Plaintiffs' challenge is uncalled for. The law is already in effect and already governs Plaintiffs' businesses. Plaintiffs knew the conflict between their business plans and the new law months ago. Yet Plaintiffs continued to advertise fully vaccinated cruises and then set their own preferred sailing date of August 15th. Plaintiffs' dilemma is a problem entirely of Plaintiffs' own making. The State should not be forced to rush its defense of the new law under these circumstances.

Section 381.00316 reflects a sound policy judgment that companies should not condition service upon a customer's vaccination status. In no other circumstance does the State permit discrimination of this nature in the realm of commerce. Plaintiffs' case therefore represents more than a mere disagreement over the best way to return to normality following the pandemic. It represents a truly groundbreaking and disturbing effort to discriminate among customers, especially children, based on otherwise private health information. Florida deserves to fight for this law on fair footing.

Seven days to brief this case on a preliminary injunctive basis is inadequate. In addition to the preemption claim, Plaintiffs raise constitutional claims under the First Amendment, the Commerce Clause, and, in their Complaint, the Due Process

Clause. Furthermore, Defendant is still in the process of retaining lead counsel for this matter. For these reasons, good cause supports an extension of the briefing schedule set forth in the Court's Order. Fed. R. Civ. P. 6(b).

Wherefore, Defendant respectfully seeks an extension of time to file the Defendant's brief in opposition to the Motion for Preliminary Injunction to July 30, 2021, and that all other deadlines in the Court's Order be modified accordingly.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(3)

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Respectfully submitted,

*/s/ Raymond F. Treadwell*
Raymond F. Treadwell
Florida Bar No. 93834
Chief Deputy General Counsel
EXECUTIVE OFFICE OF THE GOVERNOR
Office of General Counsel
The Capitol, PL-5
400 South Monroe Street
Tallahassee, FL 32399
Phone: (850) 717-9310
Facsimile: (850) 488-9810
Ray.Treadwell@eog.myflorida.com
Gov.Legal@eog.myflorida.com

*Counsel for Defendant Scott A. Rivkees, M.D., in his official capacity as Surgeon General of the State of Florida*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served to all counsel of record through the Court's CM/ECF system on this 15th day of July, 2021.

/s/ Raymond F. Treadwell
Raymond F. Treadwell
Chief Deputy General Counsel