UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **NORWEGIAN CRUISE LINE HOLDINGS LTD.**, a Bermuda Company; **NCL (BAHAMAS) LTD.**, d/b/a NORWEGIAN CRUISE LINE, a Bermuda Company; **SEVEN SEAS CRUISES S. DE R.L.**, d/b/a REGENT SEVEN SEAS CRUISES, a Panama Limited Liability Company; **OCEANIA CRUISES S. DE R.L.**, d/b/a OCEANIA CRUISES, a Panama Limited Liability Company; <br><br>Plaintiffs, <br><br>v. <br><br>**SCOTT A. RIVKEES, M.D.,** State Surgeon General and Head of the Florida Department of Health, in his official capacity; <br><br>Defendant. | Case No. 1:21-cv-22492-KMW |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO MODIFY THE BRIEFING SCHEDULE**

Plaintiffs Norwegian Cruise Line Holdings Ltd., NCL (Bahamas) Ltd., Seven Seas Cruises S. de R.L., and Oceania Cruises S. de R.L. (together, "NCLH") respectfully oppose Defendant's Expedited Motion For Extension Of Time. *See* Dkt. 16 ("Motion" or "Def. Mot."). Although Defendant's Motion omits to so report, counsel for NCLH (Derek Shaffer) first learned from counsel for Defendant (Louise St. Laurent) that Defendant desired an extension of time via a phone call Defendant placed after 5:30 pm yesterday evening (the first such phone NCLH received despite inviting one since before filing suit Tuesday morning). In the course of a brief but cordial telephone conversation, NCLH immediately informed Defendant and now reiterates that it will consent to extending deadlines provided Defendant agrees that NCLH can sail as planned starting August 15. Because Defendant will not so agree, the stated exigencies remain unchanged, and so should the operative briefing schedule that is driven by those exigencies.

Defendant identifies no adequate warrant now for deviating. As already noted, *see* Dkt. 11 & Exs. 1 & 2, NCLH specially alerted the State's legal counsel to the instant lawsuit and need for expedited treatment even before filing suit and has kept them apprised ever since. Notably, Defendant now acknowledges that notice of this dispute occurred months earlier, as NCLH "was

1

making public statements as early as May acknowledging the conflict between Section 381.00316 and NCLH's plan to require 100% of its customers be vaccinated. Def.'s Mot. at 4. Contrary to Defendant's claim that NCLH "delay[ed]" seeking relief, *id*. at 2, NCLH should not be faulted for pursuing other avenues in good faith to achieve resolution before filing suit as a "last resort." Compl. ¶ 1. Although NCLH is reluctant to get into specifics of the extensive settlement efforts that preceded it coming to court as its last resort, such efforts by the entire cruise industry have been widely reported. What is more, such efforts specifically by NCLH continued in earnest through this past weekend and into Monday with high-level state officials; if Defendant persists in suggesting otherwise, then NCLH will do whatever may be appropriate to correct the record and ensure this Court is not misinformed.[1]

In any event, the bottom line is that Defendant should have no difficulty responding on the schedule set by this Court. Given that Defendant managed to file a six-page motion that offers a putative account of the equities and legal framework at 11:38 pm last night, July 15, continuation of those efforts apace should yield an opposition brief well in advance of July 23. Indeed, the law challenged here, Florida Statute § 381.00316, has been at issue in Florida's parallel challenge to the Conditional Sailing Order issued by the Centers for Disease Control and Prevention, along with the federal regulatory framework at issue here. *See, e.g.*, Time-Sensitive Mot. for Stay Pending Appeal and Admin. Stay, *Florida v. Becerra*, No. 21-12243 (11th Cir. July 7, 2021)

---

[1] Without detouring into merits issues, NCLH simply notes that Defendant's purported concern with not "creating 'two classes of citizens based on vaccination' status and personal health decisions" rings hollow. Def.'s Mot. at 2 (quoting Executive Order 21-81). In fact, nothing in the statute at issue prohibits differential treatment based on vaccine status; rather, the law prohibits businesses from requiring "any *documentation* certifying COVID-19 vaccination or post-infection recovery." Fla. Stat. § 381.00316 (emphasis added). In other words, nothing in the law prohibits businesses from asking customers if they are vaccinated, and treating them differently on that basis. Accordingly, the result of Florida's prohibition, absent injunction, is that unvaccinated passengers would have "limited dining options, as well as limited entertainment options, such as spa, theater, and casino: there would be no buffet, they would be restricted to visiting certain designated areas of the ship, sitting in a segregated area of the theater, and they would be limited to controlled tours when disembarking. Unvaccinated customers would also have fewer options to explore destinations and would have to buy a tour offered by the cruise. The unvaccinated passenger would also pay more, but for a diminished experience." Dkt. 3-1 (Del Rio. Decl.) at ¶ 30. Defendant and other state officials have yet to express the slightest concern in the face of consistent, uncontradicted new reports indicating that other cruise lines are, via their ongoing operations, "creating two classes of citizens" in the words of Florida's officials.   .

(arguing "Florida has actively impeded the cruise industry's ability to conduct safe operations by prohibiting cruise ship operators from requiring documentation that passengers are vaccinated" and "thus undermined the vaccination strategy that industry representatives developed to facilitate cruise resumption in the U.S. by Summer 2021") (quotations omitted) (citing Fla. Stat. § 381.00316). As for the other issues specific to this lawsuit, the Florida Governor's press secretary pronounced it "meritless" on the day it was filed, as widely reported.[2] That leaves no plausible explanation why Florida now would still be struggling to process the "constitutional claims under the First Amendment, the Commerce Clause and . . . the Due Process Clause" that form the merits. Def. Mot. At 5-6.

Nor should Florida be hard pressed to address the remaining factors. Again, Defendant is already rehearing its account of the timeline and exigencies as of last night. Looking beyond that, Florida itself has noted the serious and imminent nature of the harms posed by disruptions to cruise operations in the State. As Florida successfully argued in the Middle District, "the important summer cruising season is fast approaching" and the "cruise industry is ready to reopen." Fla.'s Am. Mot. for Prelim. Inj., Dkt. 25, *Florida v. Becerra*, No. 8:21-cv-839-SDM-AAS, at 22 (M.D. Fla. Apr. 8, 2021). Disruptions to that industry—which supports "nearly 159,000 total jobs paying $8.1 billion in income" within the State—may cause far-reaching, adverse ripple effects and deprive Florida of "an essential part of [its] economy." *Id.* at 2, 3. It follows that expedition here is paramount. And no time should be wasted revisiting core premises that Florida has already embraced elsewhere and constitute common ground here.

For the foregoing reasons, NCLH respectfully submits that the current schedule should remain unchnanged, and that, in all events, the hearing date should hold.

---

[2] *See e, g.*, Bailey Schulz, Vaccine Passports: Norwegian Cruise Line Holdings Sues Florida Over Vaccine Passport Ban, USA Today (July 13, 2021) *available at* https://www.usatoday.com/story/travel/experience/cruise/2021/07/13/vaccine-passports-norwegian-cruise-line-sues-lawsuit-floridas-vaccine-passport-ban/7958306002/.

3

DATED: July 16, 2021

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN LLP

By  /s/ John F. O'Sullivan
John F. O'Sullivan (Fla. Bar No. 143154)
Olga Vieira (Fla. Bar No. 29783)
2601 South Bayshore Drive
15th Floor
Miami, FL 33133
(305) 439-5008 & (305) 496-2988
olgavieira@quinnemanuel.com
johnosullivan@quinnemanuel.com

Derek L. Shaffer*
Jonathan G. Cooper*
1300 I Street NW, 9th Floor
Washington, DC 20005
(202) 538-8000
derekshaffer@quinnemanuel.com
jonathancooper@quinnemanuel.com

*Applications for admission *pro hac vice* filed

*Attorneys for Plaintiffs Norwegian Cruise Line Holdings Ltd., NCL (Bahamas) Ltd., Seven Seas Cruises S. de R.L., and Oceania Cruises S. de R.L.*

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this 16th day of July, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive Notice of Electronic Filing.

                 By: */s/ John F. O'Sullivan*
                 John F. O'Sullivan
                 Fla. Bar No.   143154
                 johnosullivan@quinnemanuel.com