UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-22492-CIV-WILLIAMS

**NORWEGIAN CRUISE LINE HOLDINGS, LTD.**, a Bermuda Company;
**NCL (BAHAMAS) LTD.**, d/b/a NORWEGIAN CRUISE LINE, a Bermuda Company; **SEVEN SEAS CRUISES**, a Panama Limited Liability Company;
**OCEANIA CRUISES S. DE R.L.**, d/b/a OCEANIA CRUISES, a Panama Limited Liability Company;

       Plaintiffs,

vs.

**SCOTT RIVKEES, M.D.**, State Surgeon General and Head of the Florida Department of Health, in his official capacity;

       Defendant.
_____/

## DEFENDANT'S EXPEDITED MOTION FOR TRANSFER

This case presents the same issue that is being litigated in another federal court: whether the Centers for Disease Control and Prevention ("CDC") had authority to issue the so-called Conditional Sailing Order, banning cruise-ship operators from setting sail until they pass through four phases of conditions. Plaintiffs' primary argument is that this Order preempts Florida's law prohibiting businesses from requiring customers to furnish documentation of vaccination against COVID-19. One of Defendant's primary defenses will be that the Order cannot preempt Florida law because the Order is unlawful.

As Plaintiffs acknowledge, the State filed suit in the Middle District of Florida to enjoin the Conditional Sailing Order for that exact reason. That suit—which in a recent filing Plaintiffs

1

themselves referred to as "parallel"—was filed months before this one and has already progressed substantially. *See* Pls.' Resp. in Opp'n to Def.'s Mot. To Modify Briefing Schedule, Doc. 17, at 2 (July 16, 2021).

On either of two grounds, this case should be transferred to the Middle District. Under the first-filed rule, "when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013). And under 28 U.S.C. § 1404(a), this Court can and should transfer the case to the Middle District, where the case could originally have been filed and where the interests of convenience and justice would be best served. Either way, the Middle District is the appropriate forum for this case. To avoid inefficiency in the event that the case is transferred, Defendant respectfully requests a ruling on this Motion before the preliminary-injunction hearing scheduled for August 6, 2021.

## BACKGROUND

### I.  Conditional Sailing Order

At the beginning of the COVID-19 pandemic, the CDC issued an order banning cruise-ship operations. Ceasing operations devastated the cruise industry, which is integral to the Florida economy. In October 2020, the CDC issued a new order, the Conditional Sailing Order, purporting to loosen but effectively extending the ban for another year. The Order mandates a four-phased reopening, requiring cruise operators to (1) build laboratories on each ship for testing crew members, (2) conduct a simulated voyage, (3) obtain a Conditional Sailing Certificate from the CDC, and then (4) conduct voyages of limited lengths with limited passengers. *See* Framework for Conditional Sailing and Initial Phase COVID-19 Testing Requirements for Protection of Crew, 85 Fed. Reg. 70,153–70,163; *see also* Compl., Doc. 1, ¶¶ 24–34 (July 13, 2021).

As Plaintiffs recount, "several uncertain and concerned cruise companies and public officials raised complaints because CDC issued virtually no implementing instructions for beginning the simulated voyages." Compl. ¶ 37. Although the CDC issued new guidance in April 2021 to clarify this phase of the reopening requirements, "cruise executives, state officials, and others criticized the guidance as impractical," "unduly burdensome," and "largely unworkable." *Id*. ¶ 38. "Concerned about losing another summer sailing season, some cruise companies even threatened to leave the United States if the cruise industry could not gain clarity." *Id*. ¶ 39.

## II. Middle District Litigation

Within a week of the new guidance, and months before the current suit was filed, Florida sued the CDC in the Middle District of Florida. Citing irreparable harm to the cruise industry (and by extension the State) as a result of the CDC's restrictions, Florida's complaint details the same problems with the Conditional Sailing Order that Plaintiffs do. *See* Complaint, *Florida v. Becerra*, Case No. 8:21-cv-839, Doc. 1, ¶ 46 (M.D. Fla. Apr. 8, 2021) ("Fla. Compl.") ("[I]f the U.S. cruise industry does not reopen soon, cruise lines are considering relocating abroad. They may never come back."); *see also, e.g.*, *id*. ¶ 41 ("While the CDC issued new guidance on April 2, 2021, this guidance is only a portion of what the industry needs before it can start phase-two test voyages."). Florida sought to enjoin the Conditional Sailing Order, arguing that it was outside the CDC's authority under 42 U.S.C. § 264(a), arbitrary and capricious, unreasonably delayed, and issued without notice and comment, therefore violating the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 553, 706, as well as amounting to an unconstitutional exercise of legislative power by an executive sub-agency. *See* Fla. Compl. ¶¶ 48–72.

In June, about a month before the current suit was filed, the Middle District preliminarily enjoined the CDC from enforcing the Order and related guidance in Florida after July 18, 2021. In

a 124-page order, the Court found that "Florida is highly likely to prevail on the merits of the claim that CDC's conditional sailing order and the implementing orders exceed the authority delegated to CDC under Section 264(a)"; "[a]lternatively" that, "if Section 264(a) includes the comprehensive authority claimed by CDC to promulgate and enforce regulations, Section 264(a) likely constitutes an unconstitutional delegation of legislative power to CDC"; and "[a]dditionally" that "Florida is likely to prevail on at least one" of its APA claims. Order, *Florida v. Becerra*, Case No. 8:21-cv-839, Doc. 91, at 122–23 (M.D. Fla. June 18, 2021).

In early July, still before the current suit was filed, the CDC noticed an appeal. It also asked the Middle District to stay the injunction pending appeal, arguing that the merits and the equities favored enforcement of the Conditional Sailing Order and therefore causing the court to consider those issues again. When the Middle District denied a stay, *see* Order, *Florida v. Becerra*, Case No. 8:21-cv-839, Doc. 98 (M.D. Fla. July 7, 2021), the CDC sought one in the Eleventh Circuit on the same grounds, *see* Time-Sensitive Motion for Stay, *Florida v. Becerra*, Case No. 21-12243 (11th Cir. July 7, 2021). The State has filed a brief in opposition. *See* Resp. to Appellants' Mot. for Stay, *Florida v. Becerra*, Case No. 21-12243 (11th Cir. July 12, 2021).

The Eleventh Circuit has also received a brief from the Plaintiffs in this very case. The same day they filed this suit, Plaintiffs sought leave to file an amicus brief supporting a stay and echoing their arguments in this suit. There as here, Plaintiffs now support the CDC's strictures on cruise lines and oppose Florida's efforts to remove them—and they do so explicitly on the same grounds. *Compare* Br. of *Amici Curiae* NCLH at 2–4, *Florida v. Becerra*, Case No. 21-12243 (11th Cir. July 13, 2021) (arguing "the Florida's prohibition [on requiring vaccine documentation] violates federal law for multiple reasons, including because it conflicts with and is preempted by federal regulation on this point," to which Plaintiffs are "committed"), *with, e.g.*, Pls.' Expedited

4

Mot. for Prelim. Inj., Doc. 3, at 9–12, 19 (July 13, 2021) ("PI Mot.") (arguing that the Conditional Sailing Order preempts Florida's prohibition and that compliance with the order is "the right path forward"). The State does not object to Plaintiffs' participation as *amici* in the appeal.[1]

### III. The Instant Litigation

While Florida has fought in court for the cruise industry, it has also acted to preserve the liberties of its citizens. In April, Governor DeSantis issued an Executive Order prohibiting businesses operating in Florida from requiring that customers furnish documentation of COVID-19 vaccination before serving them. Soon thereafter, the Florida legislature passed and the Governor signed Senate Bill 2006, enacting that prohibition into law. *See* FLA. STAT. § 381.00316.

Two months later, and after the litigation activities discussed above, Plaintiffs filed this suit, seeking both a preliminary and permanent injunction against § 381.00316. As in their Eleventh Circuit brief, they argue that Florida's law conflicts with the Conditional Sailing Order and that—despite the improvements in global health conditions since the CDC issued the Order and related guidance—the public interest favors the strictures of the Order. *See* Compl. ¶¶ 113–125; PI Mot. at 9–12, 19–20. They also argue that Florida's law violates purported First Amendment and due-process rights and dormant commerce doctrine. *See* Compl. ¶¶ 127–161.

### ARGUMENT

### I. This Case Should Be Transferred to the Middle District of Florida Under the First-Filed Rule.

"Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-

---

[1] Because Plaintiffs requested to file an *amicus* brief after the State had already responded to the CDC's stay motion, the State did object to Plaintiffs' participation in the stay proceedings unless the Court allowed the State to respond to their filing. *See* Mot. of NCLH for Leave To File an *Amici Curiae* Br. at 2, *Florida v. Becerra*, Case No. 21-12243 (11th Cir. July 13, 2021).

filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). To determine whether the presumption applies, courts consider "(1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *Zampa v. JUUL Labs, Inc.*, No. 18-25005-CIV, 2019 WL 1777730, at *2 (S.D. Fla. Apr. 23, 2019) (internal quotation marks omitted). If the presumption does apply, only "compelling circumstances" can justify keeping the second-filed suit in the second-filed forum, which the party objecting to jurisdiction in the first-filed forum has the burden to prove. *Manuel*, 430 F.3d at 1135. "If the presumption holds, the district court can either stay, dismiss, or transfer the second-filed case to the forum in which the first-filed action is pending." *Zampa*, 2019 WL 1777730, at *2; *accord, e.g.*, *Attix v. Carrington Mortg. Servs., LLC*, No. 1:20-CV-22183-UU, 2020 WL 9849821, at **2–3 (S.D. Fla. Oct. 13, 2020).

The presumption holds here. Chronologically, this suit was filed months after the Middle District action began (and months after the Florida legislature passed § 381.00316). In the intervening time, the Middle District has issued a thorough analysis of the Conditional Sailing Order's lawfulness and the irreparable injuries it does to the Florida economy. Those issues go to the heart of this case, where Defendant will argue—in response to Plaintiffs' primary argument— that the Conditional Sailing Order cannot preempt § 381.00316 because the Order is itself unlawful and that the public interest weighs against preliminarily enjoining § 381.00316 in favor of the Order. And those issues have already been teed up for the Eleventh Circuit via the Middle District.

To be sure, the parties and issues in the two suits do not overlap entirely. Plaintiffs' separate constitutional claims—though meritless—should also be resolved, and thus Defendant does not seek dismissal or a stay pursuant to the first-filed rule. But the Middle District's

familiarity with the issues underlying Plaintiffs' primary claim puts it in the best position to resolve all Plaintiffs' claims promptly.

Moreover, the first-filed rule "is a rule of equity," *Collegiate Licensing*, 713 F.3d at 80, and "is premised on judicial economy, comity amongst the district courts, and the desire to avoid potentially conflicting rulings," *Abbate v. Wells Fargo Bank, Nat. Ass'n*, No. 09-62047-CIV, 2010 WL 3446878, at *5 (S.D. Fla. Aug. 31, 2010). Thus, the "rule is not meant to be rigid or inflexible but should be applied in a manner that best serves the interests of justice," *Zampa*, 2019 WL 1777730, at *2, and "precise identity of the parties is not required," *Chapman v. Progressive Am. Ins. Co.*, No. 3:17-CV-102/MCR/CJK, 2017 WL 3124186, at *2 (N.D. Fla. July 24, 2017) (internal quotation marks omitted). In any event, Plaintiffs are already participating in the Middle District litigation. And that litigation has an important party that this litigation lacks: the CDC. As Defendant recently noted, the CDC has "disclaimed *any intent* for the Conditional Sailing Order to preempt" § 381.00316. Def.'s Expedited Mot. for Ext. of Time, Doc. 16, at 4 (July 15, 2021) (emphasis added). Whether or not the Middle District deems it most efficient to consolidate or otherwise coordinate these two suits, the CDC's submissions in the first-filed suit would further aid that court's resolution of the preemption issue in this suit.

Meanwhile, Plaintiffs can identify no compelling circumstances "to warrant an exception to the first-filed rule." *Manuel*, 430 F.3d at 1135. All the circumstances that courts have specified—"bad faith negotiations, an anticipatory suit, and forum shopping"—are plainly inapplicable. *Attix*, 2020 WL 9849821, at *2 (internal quotation marks omitted). The State filed its challenge to a federal regulation well before Plaintiffs filed this challenge to a state law. Nor does "the balance of convenience ti[p] in favor of the second forum." *Zampa*, 2019 WL 1777730, at *2.

7

As explained, the opposite is true. This case should therefore be transferred to the Middle District pursuant to the first-filed rule.

II. **Alternatively, This Case Should Be Transferred to the Middle District of Florida Under 28 U.S.C. § 1404(a).**

Section 1404(a) provides in pertinent part that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Venue is governed here by § 1391(b), which provides that a "civil action may be brought in," among other places, "a judicial district in which any defendant resides." § 1391(b)(1). "[A] state agency or official does not necessarily have a single residence." *Fla. Nursing Home Ass'n v. Page*, 616 F.2d 1355, 1360 (5th Cir. 1980), *rev'd on other grounds sub nom. Fla. Dep't of Health & Rehab. Servs. v. Fla. Nursing Home Ass'n*, 450 U.S. 147 (1981). Rather, his "residence for venue purpose[s] is the district where he performs his official duties." *Id*. Defendant Rivkees is head of the Florida Department of Health, which has offices and performs substantial duties in the Middle District of Florida. Accordingly, this suit could originally have been brought in the Middle District. *See id.*; *see also, e.g.*, *Hildreth v. Dickinson*, No. 99-583-CIV-J-21-A, 1999 WL 33603028, at *4 (M.D. Fla. Dec. 22, 1999).

The question therefore becomes one of "convenience" and the efficient administration of "justice." § 1404(a). As the Supreme Court has explained, "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that [§] 1404(a) was designed to prevent." *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960). For that reason, "[o]ther courts in this Circuit have transferred cases pursuant to § 1404(a) because of lawsuits involving substantially similar issues pending in other districts—even where the plaintiff was not a party to those other

8

suits." *Chicken Kitchen USA, LLC v. Tyson Foods, Inc.*, No. 17-21503-CIV, 2017 WL 6760811, at *4 (S.D. Fla. Oct. 4, 2017). This Court should do the same.

It is true that courts often consider several other factors when applying § 1404(a), but here most of them are neutral. Plaintiff Norwegian Cruise Line Holdings (the parent of all other Plaintiffs) is a large corporation present in both the Middle and Southern Districts.[2] And no relevant facts have occurred in one District or the other, since this case is a purely legal challenge to a law passed in Tallahassee. Thus, whereas "the convenience of the witnesses," "the location of relevant documents and the relative ease of access to sources of proof," "the convenience of the parties," "the locus of operative facts," "the availability of process to compel the attendance of unwilling witnesses," or "the relative means of the parties" might be relevant in some cases, they are not here. *Manuel*, 430 F.3d at 1135 n.1.

Two other factors, however, are highly relevant: "a forum's familiarity with the governing law" and "trial efficiency and the interests of justice, based on the totality of the circumstances." *Id*. As explained *supra*, these factors strongly favor the Middle District. And they outweigh Plaintiffs' choice to file this suit in a forum with no particular connection to the issues therein months after another court had already begun analyzing those issues in detail. *Cf. Fed. Hous. Fin. Agency v. First Tennessee Bank Nat. Ass'n*, 856 F. Supp. 2d 186, 195 (D.D.C. 2012) ("[T]he Court concludes that the § 1404(a) factors weigh in favor of transfer. Regarding the private interest

---

[2] Plaintiff Norwegian offers cruises out of Tampa, Florida, which is located in the Middle District. *See Tampa*, NORWEGIAN CRUISE LINE, https://www.ncl.com/port-of-call/tampa-cruises (last visited July 16, 2021); Richard Tribou, *Norwegian Cruise Line to Start Florida Sailings in August with Vaccine Requirement for Now*, ORLANDO SENTINEL (June 7, 2021), https://bit.ly/3wGwuTb ("The line also has sailings on its website . . . from the port of Tampa on Norwegian Dawn beginning in December."); *see also* FLA. STAT. § 90.202(12) (permitting judicial notice of "[f]acts that are not subject to dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned").

factors, the FHFA's choice of forum is entitled to little weight, while the respondent's choice of forum is entitled to some weight in view of the Securities Action pending in the Southern District of New York.").

In sum, under either the first-filed rule or § 1404(a), the Middle District of Florida is the appropriate forum for this case.

## CONCLUSION

This case should be transferred to the Middle District of Florida.

Dated: July 16, 2021

Respectfully submitted,

/s/Raymond Frederick Treadwell
Raymond Frederick Treadwell
Florida Bar No. 93834
EXECUTIVE OFFICE OF THE GOVERNOR
Office of the General Counsel
400 South Monroe Street
The Capitol
Suite 209
Tallahassee, FL 32399
(850) 488-9810
ray.treadwell@eog.myflorida.com

/s/Joseph O. Masterman
Joseph O. Masterman
Florida Bar No. 1004179
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, DC 20036
(202) 220-9600
(202) 220-9601 (fax)
jmasterman@cooperkirk.com

Charles J. Cooper*
Peter A. Patterson*
Nicholas A. Varone*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, NW
Washington, DC 20036
(202) 220-9600
(202) 220-9601 (fax)
ccooper@cooperkirk.com
ppatterson@cooperkirk.com
nvarone@cooperkirk.com

*Appearing *pro hac vice*

*Attorneys for Defendant Scott Rivkees, M.D.*

## **LOCAL RULE 7.1(a)(3) CERTIFICATION**

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

/s/Joseph O. Masterman
Joseph O. Masterman
Florida Bar No. 1004179

*Attorney for Defendant Scott Rivkees, M.D.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served to all counsel of record through the Court's CM/ECF system on this 16th of July, 2021.

/s/Joseph O. Masterman
Joseph O. Masterman
Florida Bar No. 1004179

*Attorney for Defendant Scott Rivkees, M.D.*