UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **NORWEGIAN CRUISE LINE HOLDINGS LTD.**, a Bermuda Company; **NCL (BAHAMAS) LTD.**, d/b/a NORWEGIAN CRUISE LINE, a Bermuda Company; **SEVEN SEAS CRUISES S. DE R.L.**, d/b/a REGENT SEVEN SEAS CRUISES, a Panama Limited Liability Company; **OCEANIA CRUISES S. DE R.L.**, d/b/a OCEANIA CRUISES, a Panama Limited Liability Company;<br><br>Plaintiffs,<br><br>v.<br><br>**SCOTT A. RIVKEES, M.D.,** State Surgeon General and Head of the Florida Department of Health, in his official capacity;<br><br>Defendant. | Case No. 1:21-cv-22492-KMW |

**PLAINTIFFS' MOTION FOR AN INDICATIVE RULING
LIFTING PRELIMINARY INJUNCTION**

Plaintiffs Norwegian Cruise Line Holdings Ltd., NCL (Bahamas) Ltd. ("Norwegian Cruise Line"), Seven Seas Cruises S. de R.L. ("Regent Seven Seas Cruises"), and Oceania Cruises S. de R.L. ("Oceania Cruises") (together, "NCLH") respectfully submit this motion for an indicative ruling lifting the Court's order granting a preliminary injunction (Dkt. 43), *see* Fed. R. Civ. P. 62.1, consistent with Norwegian Cruise Line's recent announcement "that it has updated its global health and safety protocols by removing all COVID-19 testing, masking and vaccination requirements effective Oct. 4, 2022." Press Release, Norwegian Cruise Line, *Norwegian Cruise Line To Eliminate COVID-19 Testing, Masking and Vaccination Requirements Beginning Oct. 4, 2022*

1

(Oct. 3, 2022) ("Norwegian Press Release").[1]  Specifically for Oceania Cruises and Regent Seven Seas Cruises, passengers are now being permitted to present either proof of vaccination or else a negative COVID test, such that documentary proof of vaccination is no longer required as a precondition to boarding.[2]

1. On July 13, 2021, NCLH challenged Florida's statute prohibiting any business in the State from "requir[ing] patrons or customers to provide any documentation certifying COVID-19 vaccination."  Fla. Stat. § 381.00316(1).  NCLH maintained that Florida's statute would cause irreparable harm because vaccine documentation, which ensures that all passengers are vaccinated, was necessary for cruise ships to resume sailing safely and soundly at the time, particularly given health risks, recommended protocols, and the requirements of relevant foreign jurisdictions.  *See* Dkt. 1, 3.

2. After NCLH moved for a preliminary injunction, this Court on August 8, 2021 preliminarily enjoined the Florida Surgeon General from enforcing Florida's prohibition against requiring vaccine documentation against NCLH.  *See* Dkt. 43.

3. On August 10, 2021, the Florida Surgeon General noticed an appeal from the preliminary injunction.  *See* Dkt. 45.  The parties completed briefing, and the United States Court of Appeals for the Eleventh Circuit heard oral argument on May 18, 2022; the appeal was then taken under submission and remains pending.  *See Norwegian Cruise Line Holdings Ltd. v. State Surgeon General* (11th Cir.) (No. 21-12729).

4. Yesterday, Norwegian Cruise Line announced that it had "updated its health and safety guidelines" to be "more aligned with other global travel organizations" in light of "the significant, positive progress in the public health environment."  Norwegian Press Release.  In particular, Norwegian Cruise Line "remov[ed] all COVID-19 testing, masking and vaccination

---

[1] *Available at* https://www.ncl.com/newsroom/norwegian-cruise-line-to-eliminate-covid-19-testing-masking-and-vaccination-requirements-beginning-oct-4-2022.

[2] Florida's Surgeon General has changed and the case caption should be updated accordingly.  *See Governor Ron DeSantis Announces Dr. Joseph A. Ladapo as Florida Surgeon General*, *Fla. Gov.* (Sept. 21, 2021), https://perma.cc/A638-T4PD.

requirements" for its cruises, effective today.   *Id.*   In parallel, Oceania Cruises and Regent Seven Seas Cruises have shifted to affording passengers the flexibility now to choose between presenting proof of vaccination or a negative COVID test.

5. In light of these updated policies, NCLH respectfully submits that the preliminary injunction should now be lifted.   This Court's order preliminarily enjoined a statute that prohibits a business practice that NCLH is no longer engaging in, for now and the foreseeable future.   It is therefore NCLH's position that the preliminary injunction at issue has served its purpose and need not persist, and that no such prospective relief will be necessary absent an unexpected change in circumstances.

6. Although the appeal of the preliminary injunction remains pending before the Eleventh Circuit, the Federal Rules of Civil Procedure expressly authorize this Court to issue an "Indicative Ruling" to the extent that it lacks jurisdiction "because of an appeal that has been docketed and is pending."   Fed. R. Civ. P. 62.1(a).   Per the Federal Rules of Appellate Procedure, if this Court enters an "[i]ndicative [r]uling" stating "that it would grant the motion or that the motion raises a substantial issue," then "the court of appeals may remand for further proceedings."   Fed. R. App. P. 12.1; *see Int'l Sch. Servs., Inc. v. AAUG Ins. Co.*, 2011 WL 9362401, at *1 (S.D. Fla. Dec. 13, 2011) (noting that, although it had "been divested of jurisdiction to lift the [preliminary] injunction" due to an appeal, "it would in fact lift the preliminary injunction if it had the power to do so" because "the threat of irreparable harm upon which the preliminary injunction was based no longer exists"); *see also Int'l Sch. Servs., Inc. v. AAUG Ins. Co.*, 2012 WL 5199262, at *1 (11th Cir. Jan. 6, 2012) (remanding appeal of preliminary injunction "in light of the district court's December 13, 2011, order, indicating that court's intention to grant Appellee's motion to lift the preliminary injunction upon the return of jurisdiction from this Court").

7. NCLH is filing a corresponding submission with the Eleventh Circuit, notifying that court of the instant motion and suggesting that the appeal from this Court's preliminary injunction is likely moot.   *See Adler v. Duval Cty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997)

("When the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury.").

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

DATED:   October 4, 2022                Respectfully submitted,

           /s/ John F. O'Sullivan
John F. O'Sullivan
Florida Bar No. 143154
Olga Vieira
Florida Bar No. 29783
QUINN EMANUEL URQUHART & SULLIVAN, LLP
2601 South Bayshore Drive, 15th Floor
Miami, FL 33133
(305) 439-5008
johnosullivan@quinnemanuel.com
olgavieira@quinnemanuel.com

Derek L. Shaffer*
William A. Burck*
Jonathan G. Cooper*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street NW, 9th Floor
Washington, DC 20005
(202) 538-8000
derekshaffer@quinnemanuel.com
williamburck@quinnemanuel.com
jonathancooper@quinnemanuel.com

*Appearing *pro hac vice*

*Attorneys for Plaintiffs Norwegian Cruise Line Holdings Ltd., NCL (Bahamas) Ltd., Seven Seas Cruises S. de R.L., and Oceania Cruises S. de R.L.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 4, 2022, the foregoing document was electronically filed with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive Notice of Electronic Filing.

By: */s/ John F. O'Sullivan*
John F. O'Sullivan
Fla. Bar No. 143154
johnosullivan@quinnemanuel.com
